IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| ELSIE SADLER, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) No. 05-4226-CV-C-SOW |
| | ) |
| GREEN TREE SERVICING, LLC, | ) |
| | ) |
| Defendant. | ) |

ORDER

Before the Court are defendant Green Tree Servicing, LLC's Motion to Dismiss Plaintiffs' Complaint or, in the Alternative, to Compel Arbitration (Doc. #4), defendant's Suggestions in Support, plaintiffs' Suggestions in Opposition, and defendant's Reply briefs. For the reasons stated below, defendant's motion is denied.

I. Background

It is undisputed that on or about September 15, 1997, plaintiff Elsie Sadler entered into a Retail Installment Contract and Security Agreement ("Agreement"). Pursuant to this Agreement, defendant Green Tree Servicing, LLC ("Green Tree") financed the purchase by plaintiff Elsie Sadler of a 1998 Claymont Mobile/Manufactured Home ("the Property").

The Agreement contains the following provisions:

ARBITRATION OF DISPUTES AND WAIVER OF JURY TRIAL:

    a.    Dispute Resolution. Any controversy or claim between or among you and me or our assignees arising out of or relating to this Contract or any agreements or instruments relating to or delivered in connection with this Contract, including any claims based on or arising from an alleged tort, shall, if requested by either you or me, be determined by arbitration, reference, or trial by a judge as provided below. A controversy involving only a single claimant, or claimants who are related or asserting claims

arising from a single transaction, shall be determined by arbitration as described below. Any other controversy shall be determined by judicial reference of the controversy to a referee appointed by the court or, if the court where the controversy is venued lacks the power to appoint a referee, by trial by a judge without a jury, as described below. YOU AND I AGREE AND UNDERSTAND THAT WE ARE GIVING UP THE RIGHT TO TRIAL BY JURY, AND THERE SHALL BE NO JURY WHETHER THE CONTROVERSY OR CLAIM IS DECIDED BY ARBITRATION, BY JUDICIAL REFERENCE, OR BY TRIAL BY A JUDGE.

b.  Arbitration. Since the contract touches and concerns interstate commerce, an arbitration under this Contract shall be conducted in accordance with the United States Arbitration Act (Title 9, United States Code), notwithstanding any choice of law provision in this Contract. The Commercial Rules of the American Arbitration Association ("AAA") also shall apply. The arbitrator(s) shall follow the law and shall give effect to statutes of limitation in determining any claim. Any controversy concerning whether an issue is arbitrable shall be determined by the arbitrator(s). The award of the arbitrator(s) shall be in writing and include a statement of reasons for the award. The award shall be final. Judgment upon the award may be entered in any court having jurisdiction, and no challenge to entry of judgment upon the award shall be entertained except as provided by Section 10 of the United States Arbitration Act or upon a finding of manifest injustice.

c.  Judicial Reference or Trial by a Judge. If requested by either you or me, any controversy or claim under subparagraph (a) that is not submitted to arbitration as provided in subparagraph (b) shall be determined by reference to a referee appointed by the court who, sitting alone and without jury, shall decide all questions of law and fact. You and I shall designate to the court a referee selected under the auspices of the AAA in the same manner as arbitrators are selected in AAA-sponsored proceedings. The referee shall be an active attorney or retired judge. If the court where the controversy is venued lacks the power to appoint a referee, the controversy instead shall be decided by trial by a judge without a jury.

d.  Self-Help, Foreclosure, and Provisional Remedies. The provisions of this paragraph shall not limit any rights that you or I may have to exercise self-help remedies such as set-off or repossession to foreclose by power of sale or judicially against or sell any collateral or security, or to obtain any provisional or ancillary remedies from a court of competent jurisdiction before, after or during the pendency of any arbitration under subparagraph

> (b) above. Neither the obtaining nor the exercise of any such remedy shall serve as a waiver of the right of either you or me to demand that the related or any other dispute or controversy be determined by arbitration as provided above.

Plaintiffs Elsie and Terry Sadler have filed a Complaint against defendant Green Tree alleging that Green Tree wrongfully repossessed and illegally took from them the mobile/manufactured home. The home in question was purchased by Elsie Sadler pursuant to a financing agreement. Elsie and Terry Sadler allege that they made every payment required of them, complied with all the conditions of the agreement, and were not in default in any way.

Defendant Green Tree issued a notice of default and repossessed the home in June of 2005. Green Tree then notified the Sadlers that they owed over $18,000.00 as a deficiency.

The Sadlers responded by filing this lawsuit. Four of the five counts in plaintiffs' Complaint have been brought by Elsie and Terry Sadler jointly. In these counts plaintiffs allege claims for conversion, violations of section 408.562 of the Missouri Revised Statutes for repossessing a home where no default has occurred and by failing to make certain disclosures in the notice of default employed by defendant Green Tree, and a violation of Article 9 of the Uniform Commercial Code. The fifth count, negligent infliction of emotional distress, is brought by Elsie Sadler alone.

## II. Discussion

A.  Terry Sadler

Defendant argues that plaintiff Terry Sadler was not a party to the Agreement, nor was he an owner of the Property, and therefore, his claims should be dismissed.

Count I of plaintiffs' Complaint states a claim for conversion. In order to bring an action

for conversion, Terry Sadler must show that he is either the owner of the property or "was entitled to immediate possession of the property at the time of the alleged conversion." Fehrman v. Pfetzing, 917 S.W.2d 600, 602 (Mo. Ct. App. 1996). As Elsie Sadler's husband, Terry lived with Elsie in the mobile home. Terry Sadler has alleged that he assisted with the payments on the mobile home and had an equitable interest in the home. Terry claims that he was entitled to possession of the home at the time of defendant's alleged unlawful conversion.

In Count II, plaintiffs allege that defendant Green Tree violated Section 408.562, Mo. Rev. Stat. This section states that "any person" who suffers a loss of money or property as a result of the defendant's alleged method or practice may sue the defendant for said loss. Terry Sadler qualifies as such a "person" under the facts presented to this Court.

Next, in Count III of their Complaint, plaintiffs have brought a claim under Article 9 of the Uniform Commercial Code. Pursuant to Section 400.9-625 of the Missouri Revised Statutes, a debtor may bring an action against the defendant for his loss suffered by the defendant's alleged noncompliance with the provisions of Article 9 pertaining to default and repossession. Section 400.9-625( c), Mo. Rev. Stat. A debtor is defined as a "person having an interest, other than a security interest or other lien, in the collateral, whether or not the person is an obligor." Section 400.9-102(a)(28)(A), Mo. Rev. Stat. In Count IV of their Complaint, plaintiffs seek punitive damages for Counts I through III.

Plaintiff Terry Sadler cannot be compelled to arbitrate his claims because he is not a party to the Agreement containing the arbitration clause, nor is he a third-party beneficiary of the Agreement. "Arbitration is a matter of contract and absent an agreement to arbitrate, a person cannot be compelled to do so." Greenpoint Credit, LLC v. Reynolds, 151 S.W.3d 868, 874 (Mo.

4

Ct. App. 2004).

Furthermore, Terry Sadler's claims do not reference the Agreement and are beyond the scope of the arbitration provision. Defendant's motion to dismiss the claims of Terry Sadler is without merit and must be denied.

B.  Elsie Sadler

Defendant Green Tree claims that the Retail Installment Contract signed by plaintiff Elsie Sadler contains a binding arbitration provision which requires that all disputes, claims, or controversies arising from or relating to the contract be resolved by arbitration.

This case is quite similar to the situation presented in Greenpoint Credit, LLC v. Reynolds, 151 S.W.3d 868. In Greenpoint, Vernon Reynolds had executed an agreement containing an arbitration clause virtually identical to the one executed by Elsie Sadler. 151 S.W.3d at 871. Vernon Reynolds shared his home with Mary Nations, a non-signatory to the agreement. Id. In Greenpoint, the credit company filed a replevin action against Vernon Reynolds and Mary Nations. Id. Reynolds and Nation countersued for wrongful repossession/conversion, fraud and defamation. Id. Greenpoint sought to compel arbitration of both Reynolds' and Nations' claims pursuant to the arbitration clause in the agreement. Id.

The Missouri Court of Appeals for the Southern District of Missouri found that the counterclaims did relate to the agreement Vernon Reynolds had signed; however, the court also found that Greenpoint had carved out an exception within the arbitration agreement for "any proceeding in which a lien holder may acquire or convey possession of any property which is security under the Agreement" and that all but one of the counterclaims were exempt from arbitration pursuant to that exception. Id. at 875-876. The Missouri Court of Appeals stated that,

5

"A person accepting a contract that excepts a lien holders' action to acquire possession of the manufactured home from arbitration would not reasonably expect to be denied access to the state court in which the lien holder brings such an action in order to challenge the lien holder's claim and seek appropriate relief for wrongs by the lien holder that arise out of the facts that are at issue." Id. at 875. The Missouri Court of Appeals found that to the extent the contract suggested otherwise, it was unconscionable and unenforceable. Id. Most importantly, the Missouri Court of Appeals held that a claim for conversion was not subject to the arbitration provision. Id. at 876.

The Agreement at issue in this case contains a virtually identical provision in the section titled as "Self-Help, Foreclosure, and Provisional Remedies," set forth above. It allows Green Tree to repossess Elsie and Terry Sadler's home without resorting to arbitration. To require the Sadlers to resort to arbitration to challenge Green Tree's actions in repossessing the home would be unconscionable and unenforceable. All of the Sadlers' claims arise from defendant Green Tree's self-help procedures and practices in repossessing the Sadlers' home. The Sadlers are alleging that defendant's methods and practices violated state and federal law.

Under Greenpoint v. Reynolds, the specific claims raised by the Sadlers in this case are not subject to the arbitration clause contained in the Agreement. They do not arise from the contract and are beyond the scope of the arbitration clause.

### III. Conclusion

For the reasons stated above, it is hereby

ORDERED that defendant Green Tree Servicing, LLC's Motion to Dismiss Plaintiffs'

Complaint or, in the Alternative, to Compel Arbitration (Doc. #4) is denied.

        /s/Scott O. Wright  
        SCOTT O. WRIGHT  
        Senior United States District Judge

Dated: 10-5-05

7